IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DONALD RAY MALENA, No. 2408951 § § | |
| Petitioner, § | |
| § | |
| V. § | NO. 7:23-CV-082-O |
| § | |
| DIRECTOR, TDCJ, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Donald Ray Malena under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition should be **DENIED**.

I.   **BACKGROUND**

Petitioner is serving a sentence of four years' incarceration following his guilty plea conviction for driving while intoxicated and felony repetition under Cause No. 1721633D in the Criminal District Court No. 2 of Tarrant County, Texas. ECF No. 15-10 at 6–9. Petitioner did not appeal. His state habeas application was denied without written order on findings of the trial court without hearing and on the independent review of the Court of Criminal Appeals of Texas. ECF No. 15-8 (Action Taken).

## II.    GROUNDS OF THE PETITION

Petitioner urges two grounds in support of his petition. First, he says that evidence was obtained and submitted in violation of his constitutional rights. Second, he says that he received ineffective assistance of counsel. ECF No. 1 at 7.[1]

## III.   APPLICABLE LEGAL STANDARDS

### A.    Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate

---

[1] The reference is to "Page 7 of 35" shown at the top right portion of the document on the Court's electronic filing system and is used because the typewritten page numbers on the form used by Petitioner are not the actual page numbers.

legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

    **B.**    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that

3

counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.     ANALYSIS**

Whether Petitioner is entitled to relief depends upon whether his guilty plea was knowing, voluntary, and intelligent. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea meets the test if the defendant understood the nature and substance of the charge against him and understood the consequences, that is the maximum prison term he faced and the fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)). A plea is not involuntary

4

because a defendant enters it out of a desire to limit his possible sentence. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. Rodriguez-DeMaya*, 674 F.2d 1122, 1127 (5th Cir. 1982).

In this case, the record reflects that Petitioner entered his plea of guilty on August 22, 2022. The Written Plea Admonishments he and his attorney signed reflect that: Petitioner was charged with "driving while intoxicated 3rd or more IAT"; the State recommended a term of imprisonment of four years; Petitioner faced a term of imprisonment of not more than 20 years or less than 2 years and a fine not to exceed $10,000; Petitioner was able to read the English language and understood each of the admonishments set forth in the document; he was aware of the consequences of his plea; no one had threatened, coerced, forced, persuaded or promised him anything in exchange for the plea; the plea was knowingly, freely, and voluntarily entered; he was totally satisfied with the representation of his attorney; and, he waived and gave up his right not to incriminate himself. ECF No. 15-10 at 63–67. His attorney represented that he had fully reviewed and explained the document to Petitioner and was satisfied that the plea was intelligently, knowingly, and voluntarily made. *Id.* at 66. In the Judicial Confession section of the document, Petitioner represented that he had read the indictment and that he committed each and every act alleged and that the enhancement allegations were true; he understood that he was charged with a third-degree felony enhanced and faced a term of imprisonment of not more than 20 or less than 2 years' imprisonment and a fine not to exceed $10,000. *Id.* at 67. The plea was made in open court and the trial judge found that Petitioner was mentally competent and that his plea was intelligently, freely and voluntarily entered. *Id.* at 68. Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). He bears, but has not met, the burden to rebut the presumption of regularity accorded the documents he signed. *Banda v. Estelle*, 519 F.2d 1057, 1058 (5th Cir. 1975).

In response to Petitioner's state habeas application, his counsel filed an affidavit noting that Petitioner had lied to him regarding the circumstances of his arrest and that after Petitioner saw the video of his arrest, he asked counsel to negotiate a plea for two years' incarceration. ECF No. 15-10 at 84–85. Petitioner decided to accept an offer of four years' incarceration, knowing that the State could re-indict him as a habitual offender, which would change his range of punishment to 25 years' to life. *Id.* at 85. The trial court determined that Petitioner had failed to prove that the plea was not knowing, voluntary, and intelligent had failed to show that he received ineffective assistance of counsel. The trial court recommended denial of relief. ECF No. 15-10 at 112; *id.* at 102–05. The Court of Criminal Appeals denied the state habeas application. ECF No. 15-8 (Action Taken). Petitioner has not overcome the doubly deferential standard of review that applies. *Cullen*, 563 U.S. at 190.

Petitioner's remaining claims, that evidence was obtained in violation of his constitutional rights or was insufficient to sustain a conviction, are nonjurisdictional and were waived by his entry of a knowing and voluntary guilty plea.[2] *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000; *Nobles v. Beto*, 439 F.2d 1001, 1002 n.1 (5th Cir. 1971). The judgment and sentence are based solely on the plea and not on improper evidence. *Busby v. Holman*, 356 F.2d 75, 77–78 (5th Cir. 1966) (a voluntary plea of guilty on advice of counsel is not rendered invalid because the defendant had previously made a confession that would not have been admissible had he gone to trial). Petitioner's claim of insufficient evidence is procedurally barred in any event because he did not raise it in a procedurally proper manner in state court. *O'Sullivan v. Boerckel* 526 U.S. 838, 845, 847 (1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

---

[2] Any other ineffective assistance of counsel claims were likewise waived. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (ineffective assistance based on alleged failure to review files or properly investigate waived by voluntary guilty plea).

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition and any other document filed by Petitioner.[3]

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **22nd day** of **November, 2023.**

                                                  _____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner has filed motion to suppress confession, ECF No. 19, a motion to quash indictment, ECF No. 21, and a motion to compel disclosure of evidence, ECF No. 22, that are simply not appropriate here.